# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH WHITE,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC ARNOLD, Warden,<br><br>    Respondent. | Case No.: 1:19-cv-01089-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

After conducting a preliminary screening, the Court finds that the petition filed in this case fails to present a cognizable ground for relief. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

**I.    PROCEDURAL HISTORY**

On August 19, 2004, Petitioner was convicted in the Kern County Superior Court of failing to register under Cal. Penal Code § 290 and sentenced to a term of 26 years to life. (Doc. 1 at 1.) Petitioner's appeals to the California Court of Appeal, Fifth Appellate District and the California Supreme Court were both denied. (Doc. 1 at 2.)

Petitioner filed a habeas petition in the Kern County Superior Court on July 3, 2017, asserting that he is a nonviolent felon eligible for relief under Proposition 57. (Doc. 1 at 30.) On October 10, 2017, the Superior Court issued an order for informal response. (Doc. 1 at 30-32.) Subsequently, the

Superior Court entered an order denying the habeas petition on December 14, 2017. (Doc. 1 at 33-36.) On December 20, 2017, the Superior Court entered an addendum order to address a reply filed by Petitioner that the Court received after issuing its order; the court found no reason to change its prior ruling to deny the petition. (Doc. 1 at 37-40.) On April 13, 2018, the Fifth DCA denied the habeas petition that was filed on March 15, 2018. (Doc. 1 at 42.) On June 12, 2019, the Supreme Court entered an order stating that "The petition for writ of habeas corpus is denied without prejudice to any relief to which petitioner might be entitled after this court decides In re Gadlin, S254599." (Doc. 1 at 43.)

Petitioner filed his federal petition in this Court on August 9, 2019, arguing that it is a violation of Petitioner's due process and equal protection rights to not apply Proposition 57 to him.

**II.     DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner claims that the state court should not have denied him consideration for parole under Proposition 57. However, Petitioner's challenge to the state court's application of state sentencing law does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question").[1] Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed.

### III. ORDER

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

### IV. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the instant petition for writ of habeas corpus be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

---

[1] Petitioner may become entitled to state court relief because the Supreme Court denied Petitioner's habeas petition without prejudice to any relief to which Petitioner might be entitled after it decides In re Gadlin (2019) 31 Cal.App.5th 784, review granted May 15, 2019, S254599.

3

Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 22, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE